# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

    **Plaintiff,**

    v.                                                       Case No. 09-CV-925

**CAPTAIN DONALD STRAHOTA,**

    **Defendant.**

## ORDER

On March 16, 2011, I granted defendant's motion for summary judgment on plaintiff's claim that he was placed in transition status at Waupun Correctional Institution (WCI) because he was transferred there from Wisconsin Secure Program Facility (WSPF), in violation of the Equal Protection Clause of the Fourteenth Amendment. Judgment was entered the same day. Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) on March 29, 2011, which will be addressed herein.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). The movant must "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th

Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court[.]" In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiff contends that the court's Decision and Order is manifestly erroneous. Specifically, he point to Exhibit 2 from his summary judgment affidavit, a May 15, 2008 correspondence memorandum to him from defendant, which states: "I am in receipt of your correspondence regarding transition. You have been placed in transition based on your behavior at the previous institution." (Lacy Aff., Ex. 2 at 2.) According to plaintiff, this rationale is different from other prisoners who were placed in transition. He contends the memorandum proves that Strahota discriminated against him when he was placed in transition status.

The court's summary judgment Decision and Order states in relevant part:

> It is undisputed that WCI's main interest with respect to the Transition Program is institutional security and the well-being of its prisoners. WCI aims to ensure a smooth transition from segregation into a general population setting. Specifically, WCI seeks to protect existing inmates from newly transferred inmates who have a history of trouble or special needs, while also protecting the transferring inmate to ensure a smooth transition. This purpose is, without question, a legitimate state interest. See Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). Thus, the court finds that the Transition Program does not violate the Equal Protection Clause because it is rationally related to a legitimate state penological interest.
>
> Plaintiff contends that he is proceeding on a class-of-one equal protection claim because he was singled out for placement in the Transition Program without a legitimate reason since he arrived at WCI from WSPF's general population, not from segregation. Traditionally, the Fourteenth Amendment's Equal Protection Clause is understood as protecting members of vulnerable groups from unequal treatment attributable to the state. LaBella Winnetka, Inc. v. Vill. of Winnetka, — F.3d —, 2010 WL 5367749, at *2 (7th Cir. Dec. 29, 2010) (citing Bell v. Duperrault, 367 F.3d 703, 707 (7th Cir. 2004)). However, it also proscribes state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called "class-of-one." Id. (citing Reget v. City of La Crosse, 595 F.3d 691, 695 (7th Cir. 2010)); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). All equal protection claims, regardless of the size of the disadvantaged class, are

2

> based on the principle that, under "like circumstances and conditions," people must be treated alike, unless there is a rational reason for treating them differently. LaBella Winnetka, 2010 WL 5367749, at *3 (citing Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601-02 (2008)). A plaintiff states a class-of-one equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (quoting Olech, 528 U.S. at 564).
>
> Plaintiff avers that he was in general population at WSPF before transferring to WCI and that therefore the Transition Program did not apply to him. Defendant avers that plaintiff was in segregated confinement "in one form or another" during the entire time he was at WSPF except for a period from April 3, 2008 to April 24, 2008. Defendant further avers that immediately prior to plaintiff's transfer to WCI, he was in Temporary Lock-Up status, a segregated status, at WSPF and pursuant to WCI's Transition Program, plaintiff was immediately and automatically placed in Transition status at WCI, where he remained from May 6, 2008 until June 6, 2008.
>
> It is undisputed that plaintiff was incarcerated at WSPF from December 2001 to May 2008. Although the parties dispute whether plaintiff was in segregated housing immediately prior to the transfer, it is undisputed that plaintiff was transferred to WCI after having just spent seven years at WSPF and that the great majority of that time was in segregated status. Placing plaintiff in the Transition Program certainly seems reasonable and prudent. The Transition Program is remedial and preparatory; it is not punishment. In any event, the orderly operation of prisons has generally been committed to prison officials, not the federal court. Such matters are within the peculiar expertise of corrections officials and, therefore, the courts will generally accord great deference to their expert judgment, unless there is substantial evidence to argue against it. See Bell v. Wolfish, 441 U.S. 520 (1979); see also Woods v. O'Leary, 890 F.2d 883 (7th Cir. 1989).
>
> An equal protection claim requires proof that the actions complained about were undertaken for reasons which were wholly unrelated to any legitimate state objective. Esmail v. Macrane, 53 F.3d 176, 180 (7th Cir. 1995). Plaintiff has not raised a factual issue that he was placed in the Transition Program for a non-security reason. As such, plaintiff has not demonstrated that defendant lacked a rational basis in placing him in the Transition Program, and his class-of-one claim fails.

(Court's Decision and Order of March 16, 2011, at 7-9.)

The court's Decision and Order granting defendant's motion for summary judgment references the memorandum from Strahota to plaintiff. However, Strahota's statement does not establish that plaintiff's right to equal protection was violated. The court concluded,

based on the undisputed facts, that there was a rational basis to place plaintiff in transition status. Thus, plaintiff cannot sustain an equal protection class-of-one claim. See LaBella Winnetka, Inc. v. Vill. of Winnetka, 628 F.3d 937, 942 (7th Cir. 2010). Plaintiff has not demonstrated that the court's March 16, 2011 Decision and Order contains a manifest error of law.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #36) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2011.

/s
LYNN ADELMAN
District Judge